IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANNAMALAI ANNAMALAI, | : | HABEAS CORPUS |
| BOP ID 56820-379, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-4512-TWT-CMS |
| WILLIAM TRUE, Warden, | : | |
|     Respondent. | : | |

**FINAL REPORT AND RECOMMENDATION**

Federal inmate Annamalai Annamalai has filed a fee-paid, *pro se* "Verified Petition for Habeas Corpus pursuant to 28 u.s.c. § 2241 with a request to produce the body of the petitioner pursuant to 28 u.s.c. § 2243." *See* [1] (spelling, capitalization, and punctuation unaltered).

In 2014, Annamalai was convicted of bank fraud and related crimes in this Court. *See United States v. Annamalai*, No. 1:13-CR-437-TCB (N.D. Ga. Aug. 25, 2014). He is currently incarcerated in the United States Penitentiary in Marion, Illinois. *See* [1-1] at 2. While in federal prison, Annamalai has been a frequent litigant in this and other federal courts. *See* www.pacer.gov (last viewed Nov. 14, 2017; searched for "Annamalai, Annamalai") (listing 58 civil actions filed in 16 federal district courts and 26 appeals filed in 5 federal courts of appeal).

In this case, Annamalai states that he "is NOT challanging the validity of the conviction FROM THE CRIMINAL case No 1:13-cr-00437-TCB-CMs," but is "challanging 'only' the 'execution' of his sentence." [1] at 1 (spelling, capitalization, and punctuation unaltered).

"[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). However, "[t]he plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).[1] Thus, Annamalai is not entitled to have a writ of habeas corpus issued by this Court with respect to the execution of his sentence because he is not confined in the Northern District of Georgia.

---

[1] The exception to this rule providing that jurisdiction may lie in either the district of confinement or the district of conviction that applies to "a person in custody under the judgment and sentence of a State court," 28 U.S.C. § 2241(d), does not apply in this case because Annamalai is a federal inmate. *See also Rumsfeld*, 542 U.S. at 443 (Discussing § 2241(d) and stating that "Congress has also legislated against the background of the 'district of confinement' rule by fashioning explicit exceptions to the rule in certain circumstances.").

Accordingly, I **RECOMMEND** that this case be **SUMMARILY DISMISSED WITHOUT PREJUDICE**.  *See* 28 U.S.C. foll. § 2254, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition and direct the clerk to notify the petitioner.") (emphasis added); *see also id.* Rule 1(b) (authorizing application of Rule 4 in § 2241 proceedings).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 15th day of November, 2017.

/s/ Catherine Salinas
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE